STATE OF MAINE
HANCOCK, SS.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-01-36
⌐ LH ⌐ ᵃ⌐ ⌐ᵃ⌐ - ⌐ ᵃᵃ⌐ · 3

Donald Sawyer Bradford, Jr.,
    Plaintiff

v.

Order

DONALD L. GARRECHT
LAW LIBRARY

MAR 11 2003

Maine Maritime Academy,
    Defendant

Pending before the court are the defendant's motion for summary judgment and the plaintiff's motion to enlarge the time in which to designate expert witnesses. The court has considered the parties' filings associated with both motions.

## A. Motion for summary judgment

This action is based on allegations that the plaintiff was the captain of a boat owned by the defendant. On the basis of a statutory and a common law theory of liability, he alleges that the defendant is liable because his hearing was damaged by the noise on the board and by the defendant's failure to provide a "hearing conservation and monitoring program".

Summary judgment is proper only if the record on summary judgment shows that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *See* M.R.Civ.P. 56. To survive a motion for a summary judgment, the opposing party must produce evidence that, if produced at trial, would be sufficient to resist a motion for a judgment as a matter of law; "[t]he plaintiff must establish a *prima facie* case for each element of the cause of action." *Rodrigue v. Rodrigue*, 1997 ME 99, ¶8, 694 A.2d 924, 926. An order of summary judgment "is proper when the citations to the record found in the parties Rule 7(d) [now Rule 56(h)] statements demonstrate that no genuine issue of material fact has been generated and that a party is entitled to a judgment as a matter of law." *Acadia Ins. Co. v. Buck Constr. Co.*, 2000 ME 154, ¶ 7, 756 A.2d

515, 517. Here, in their written arguments, both parties refer to portions of the record that exceed the material included in their statements of material fact. The court has not considered that material that goes beyond the statements of material fact and, instead, limits the record to the statements of material fact themselves. *See* M.R.Civ.P. 56(h)(4). Further, as part of his opposing statement of material fact, the plaintiff included separate and additional facts. *See* M.R.Civ.P. 56(h)(2). The defendant did not reply to or otherwise controvert those additional statements of material fact, and consequently they are deemed admitted. *See* M.R.Civ.P. 56(h)(3).

In support of its motion, the defendant appears to make several arguments: first, that he has not sustained any damages because any hearing problem did not result in his ability to renew his Coast Guard license; second, that the evidence is insufficient to demonstrate that the sound levels on the boat were unreasonably noisy; and that the noise on the boat did not cause any hearing problems affecting the plaintiff.

First, the record on summary judgment establishes that the plaintiff has not sustained any past economic loss attributable to a hearing problem. Defendant's Statement of Material Fact ("DSMF") ¶ 3. The record is also insufficient, as a matter of law, to provide factual support for an argument that the plaintiff's license will not be renewed in the future. *Id.* ¶ 4. Rather, the prospects of a nonrenewal sometime in the future are entirely speculative. However, the record could sustain an argument that that the plaintiff has sustained a hearing loss, *see* Plaintiff's Opposing Statement of Material Fact ("POSMF") ¶¶ 4, 8 and 9. That is a legitimate form of damages that precludes the entry of summary judgment on this point. Thus, the plaintiff may seek an award of general damages related to any hearing loss, but any recoverable loss cannot include an award of economic damages, because there is no basis for economic loss shown in the record at bar.

Second, the plaintiff contends that the noise level on the boat exceeded OSHA and Coast Guard standards. That argument rests entirely on a noise study conducted in October 2001 by Bruce Hackett. However, the plaintiff last worked on the boat in August 2000, well more than a year prior to Hackett's study. In his opposition to the motion at bar, the plaintiff argues merely that the defendant has failed to present evidence that the noise environment on the boat was different in October 2001 than in August 2000

and before. *See* POSMF ¶ 6. The record includes no affirmative evidence (from the plaintiff or otherwise) that those noise conditions were at least comparable. The court finds as a matter of law that this evidence of the boat's condition in October 2001, because of its remoteness, is insufficient to sustain the plaintiff's argument that the conditions were similar or comparable at the time when the plaintiff worked on the boat.[1] On this record, such a conclusion would be speculative. Nonetheless, even without evidence about the boat's conformity to OSHA and Coast guard standards, the record is sufficient to support a claim that the noise from the boat caused hearing loss in the plaintiff and that the boat was therefore unreasonably noisy. *See* POSMF ¶¶ 8-9.

Finally, the record on the motion at bar includes the opinion of Dr. Richter that the plaintiff has suffered a hearing loss and that at least a cause of loss was the noise associated on the boat. POSMF ¶ 8. The defendant's arguments regarding this opinion may affect its weight but are insufficient to support the entry of summary judgment on this issue.

## B. Motion to enlarge

As part of the disclosure process required by the scheduling order dated August 21, 2001, the plaintiff designated Harry J. Richter. M.D. to provide expert medical testimony about the nature and cause of the plaintiff's hearing loss. The summary judgment materials reveal that the plaintiff designated Dr. Richter as an expert on November 20, 2001, which was the day prior to the deadline for such disclosures. Dr. Richter was retained at the hourly rate of $200. The defendant deposed Dr. Richter in May 2002 and subsequently received a bill that was calculated at the rate of $1,000 per hour. In his motion, the plaintiff states that the defendant has not paid the resulting bill of $3,000, that Dr. Richter has declined to perform further work in this case until that bill is paid, and that if he were to continue his participation in this case, the minimum cost for that additional work would be $4,500. Hence, the plaintiff seeks leave to reopen the period in which he may designate expert witnesses so that he can start over and designate a different expert to replace Dr. Richter.

---

[1] There is thus no occasion to address the defendant's argument here that the study was inadequate because it measured noise over a shorter period of time than is suggested by the OSHA and Coast Guard testing protocols.

Regardless of the circumstances that have caused Dr. Richter to change the rate of compensation he demands and the plaintiff's apparent election not to enforce the original arrangement that is suggested by his motion,[2] the court declines to reopen the discovery period. The plaintiff filed this action in July 2001. The final discovery deadline was enlarged from April 21 to June 6, 2002. If the plaintiff's motion were granted, this proceeding would fall back to a relatively early state in its pretrial evolution: the plaintiff would need some time to find a new expert, give that person time to develop expert opinions and then designate that expert as required by the scheduling order and the rules of court. The defendant would then need to be given at least the two months to designate its own expert.[3] The parties would also need the opportunity to pursue discovery of any such experts, notwithstanding the fact that the defendant has already expended money and other resources in conducting discovery associated with Dr. Richter.

The prospects of the enlargement are further complicated because the court cannot presume that a new expert would be fungible with Dr. Richter. The new expert would be a different person, with a different background and may not reach the same conclusions as the predecessor. This leads to the real prospect of considerable work, time and consumption of resources as noted above.

Finally, all of this would require that the case be removed from the April 2003 trial list and result in a considerable delay before trial could be held.

The court is fully mindful that the plaintiff is not responsible for the reasons why Dr. Richter's services will be more expensive now than he (the plaintiff) had anticipated, even if the arrangements between the plaintiff and Dr. Richter are not enforceable for some reason. However, the court is unwilling to transfer to the defendant the costs and prejudice of these apparent problems caused by the plaintiff's own expert.

The entry shall be:

---

[2] The court does not address the question of whether the original agreement with Dr. Richter is enforceable as a contract. Rather, the court notes only that, for reasons that may be understandable, the plaintiff has not sought to go forward in that manner.

[3] The defendant did not do so in response to the plaintiff's designation of Dr Richter. If the plaintiff now were permitted to designate a different expert, the defendant might act differently.

For the foregoing reasons, the defendant's motion for summary judgment is granted in part and denied in part. The plaintiff shall be precluded at trial from seeking compensatory damages based on any economic loss. Further, the plaintiff shall be precluded from presenting evidence that the defendant violated OSHA and Coast Guard noise standards. Beyond this, the defendant's motion for summary judgment is denied.

The plaintiff's motion to enlarge is denied.

Without objection filed, the plaintiff's motion to amend the complaint is granted: the complaint is amended to include new paragraphs 9 and 13. The defendant is deemed to deny all new allegations. It may file any further responsive pleading within 10 days of the date of this order.

Dated: January 28, 2003

_____
Justice, Maine Superior Court

FILED &
ENTERED

JAN 3 0 2003

SUPERIOR COURT
HANCOCK COUNTY